UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIOBEST U.S.A., INC.,

       Plaintiff,            CASE NO. 18-11434
                                     HON. DENISE PAGE HOOD

v.

LN ASSURE TRADES INC.,
JPMORGAN CHASE BANK, N.A.,

       Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [#13]

### I.   BACKGROUND

**A. Procedural Background**

On April 11, 2018, Plaintiff Biobest U.S.A., Inc. ("Biobest") brought this action in the Circuit Court of Wayne County, Michigan against LN Assure Trades Inc. ("LN Assure Trades") and JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant"). (Doc # 1) On May 7, 2018, JPMC removed this case to federal court. (Doc # 1) On May 14, 2018, JPMC filed a Motion to Dismiss Biobest's Complaint. (Doc # 3) On May 30, 2018, Biobest filed an Amended Complaint against LN Assure Trades and JPMC. (Doc # 7) On June 4, 2018, JPMC withdrew its Motion to Dismiss. (Doc # 10)

1

On July 10, 2018, having received no responsive pleading from LN Assure Trades, Biobest requested a Clerk's Entry of Default. (Doc # 18) On July 10, 2018, the Clerk entered Default against LN Assure Trades pursuant to Fed. R. Civ. P. 55(a). (Doc # 19) On July 13, 2018, Biobest requested a Clerk's Entry of Default Judgment with an Affidavit of Sum Certain against LN Assure Trades in the amount of $285,830. (Doc # 21) On July 13, 2018, the Clerk entered Default Judgment against LN Assure Trades pursuant to Fed. R. Civ. P. 55(b)(1). (Doc # 22)

Biobest alleged the following claims against JPMC in its Amended Complaint: Negligence (Count IV) and Aiding and Abetting Fraud (Count V). (Doc # 7, Pg ID 238-240) On June 12, 2018, JPMC filed a Motion to Dismiss Biobest's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc # 13) Biobest filed a Response on July 3, 2018. (Doc # 17) On July 17, 2018, JPMC filed its Reply. (Doc # 23) JPMC's Motion is currently before the Court.

**B. Factual Background**

Biobest is a company that specializes in pollination, biological control, and natural crop care systems, and has offices located throughout the world. LN Assure Trades is a company that incorporated in Florida on November 1, 2017. During all times relevant to Biobest's Amended Complaint, both Biobest and LN Assure Trades maintained bank accounts with JPMC.

On November 13, 2017, an impostor masquerading as Biobest's CEO in Belgium emailed a Biobest employee in Canada and requested a transfer on behalf of Biobest's parent company, Biobest NV. The impostor CEO requested that Biobest transfer $285,830 to a JPMC account in the name of LN Assure Trades, and said that Biobest would be reimbursed by Biobest's parent company before the end of the week. Biobest was required to increase its credit limit before JPMC would transfer funds from Biobest to LN Assure Trades. After the credit limit was increased, $200,000 of the $285,830 was transferred from Biobest's JPMC account to LN Assure Trades' JPMC account on November 13, 2017. On November 14, 2017, the money cleared Biobest's account. Biobest had not previously transferred any money to LN Assure Trades.

Biobest discovered that it was the victim of a "sophisticated internet fraud" perpetuated by an individual acting on behalf of LN Assure Trades after the funds were transferred. Once Biobest came to this realization, it promptly reported the fraud to the police. Biobest also requested that JPMC return Biobest's money or otherwise reimburse Biobest for the fraud, but JPMC refused. When Biobest requested information regarding LN Assure Trades' account with JPMC, JPMC said that such information would be provided only in response to a subpoena.

Biobest alleges that JPMC played an integral part in LN Assure Trades' fraud by opening and maintaining LN Assure Trades' account on scant and suspect

information and by wiring $200,000 from Biobest's account to LN Assure Trades' account in the face of numerous red flags. The alleged red flags include, but are not limited to: (1) the incorporation of LN Assure Trades two weeks prior to the transfer and its consequent status as a new customer of Chase Bank; (2) the fact that LN Assure Trades' registered address is an apartment in south Florida; (3) the overall size of the transfer; (4) the size of the transfer relative to Biobest's previous transfers; (5) the lack of previous transfers to LN Assure Trades by Biobest; and (6) the need for Biobest to increase its credit line at JPMC's insistence before the transfer was made.

Biobest asks that this Court grant it at least $200,000 plus interest, costs, and attorneys' fees, and grant Biobest such additional relief as is just and equitable.

## II. ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal

4

conclusions or unwarranted factual inferences." *Id.* (quoting Gregory v. Shelby Cnty., 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Negligence

Biobest argues that because it was JPMC's customer, it was owed a duty of care due to the parties' banking relationship. (Doc # 7, Pg ID 238) Biobest argues that JPMC breached its duty of care by opening and maintaining LN Assure Trades' account and wiring money from Biobest's account to LN Assure Trades' account despite warnings that such a transfer would be unlawful. *Id.* JPMC argues that it

5

did not owe Biobest a duty of care that was distinct from the duties set forth in the agreements into which the parties entered. (Doc # 13, Pg ID 270) The Court agrees with Biobest.

In Michigan, a prima facie case of negligence requires that a Plaintiff establish: (1) the existence of a duty owed by defendant to plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. *See, e.g., Case v. Consumers Power Co.*, 463 Mich. 1, 6 (2000) (citation omitted). "The threshold question in a negligence action is whether the defendant owed a duty the plaintiff." *Fultz v. Union-Commerce Associates*, 470 Mich. 460, 464 (2004). The existence of a duty is a question of law. *Id.* For a negligence claim to arise based on a contract, the plaintiff must allege a duty "separate and district" from the duties imposed by the contract. *Id.* at 467.

Courts in the Sixth Circuit have held that "[t]he almost-universal law in this country is that banks owe a duty of care only to their own customers." *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357 (6th Cir. 2014) (citations omitted). As Biobest explains, other courts have recognized this duty as well. *See Leather Mfrs. Bank v. Morgan*, 117 U.S. 96, 115 (1886) ("In their relations with depositors, banks are held, as they ought to be, to rigid responsibility."); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 667 (S.D.N.Y. 2000) ("Courts have stated that banks owe a duty of care to their customers."); *Cunningham v. World*

*Sav. Bank, FSB*, 660 F. Supp. 2d 1078, 1088 (D. Ariz. 2009) ("[T]here is controlling authority for the proposition that a bank owes customers the duty to exercise ordinary or reasonable care."). In JPMC's Reply, it contends that in the cases cited by Biobest, courts have not stated whether this duty arises from a contract or from a common law separate and distinct duty. (Doc # 23, Pg ID 421) However, Biobest's negligence claim is not based on a contractual agreement, and courts have held that there is a separate and distinct duty of care owed by banks to their customers.

JPMC also relies on *Ulrich v. Fed. Land Bank of St. Paul* and *Glidden Co. v. Jandernoa* to demonstrate that courts have declined to impose a duty of care upon the banker-customer relationship, but the facts of those cases are dissimilar from the facts of the instant case. (Doc # 23, Pg ID 423) In *Ulrich*, the court addressed whether a bank had a legal duty to exercise reasonable care in determining the loan eligibility of its applicants. *Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 198-200 (1991). In *Glidden*, the court examined if banks owe its customers a fiduciary duty, not a duty of care. *Glidden Co. v. Jandernoa*, 5 F. Supp. 2d 541, 548-550 (W.D. Mich. 1998). These cases do not assess the duty of care that banks owe to their customers with regard to the fraudulent transfer of money. Neither party contests that Biobest was a customer of JPMC. Therefore, because Biobest was owed a duty of care as it pertained to preventing the fraudulent transfer of money

7

from its account to the account of LN Assure Trades, Biobest's negligence claim will not be dismissed at this stage.

### B. Aiding and Abetting Fraud

Biobest alleges that JPMC should be held liable for aiding and abetting fraud. Biobest argues that JPMC knew or should have known that LN Assure Trades' conduct was unlawful and gave substantial assistance or encouragement to LN Assure Trades to perpetuate a fraud on Biobest. (Doc # 7, Pg ID 239) Biobest argues that there were "red flags" that should have indicated to JPMC that LN Assure Trades was engaging in unlawful conduct. *Id.* JPMC argues that it cannot be held liable for aiding and abetting fraud because it did not have actual knowledge of the underlying fraud. (Doc # 13, Pg ID 273)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). With any fraud claim, a plaintiff's complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). In order to allege fraud with particularity, the plaintiffs, at a minimum, must "'allege the time, place, and content of the alleged misrepresentation on which [they] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *United*

*States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir.2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir.1993)).

Under Michigan law, proof of an aiding and abetting claim requires (1) knowledge of wrongful conduct by the aider/abettor; and (2) substantial assistance of the wrongful conduct by the aider/abettor. *El Camino Res. Ltd. v. Huntington Nat. Bank*, 712 F.3d 917, 922 (6th Cir. 2013). Biobest claims that the fraudulent conduct of LN Assure Trades was so blatant that JPMC should have known that it was unlawful. However, Biobest does not offer any facts that demonstrate that JPMC actually knew of LN Assure Trade's illegal actions. Since Biobest's allegations here do not sufficiently allege the scienter needed for an aiding and abetting claim pursuant to Federal Rule of Civil Procedure 9(b), this Court grants JPMC's Motion on this ground. *See Wells Fargo Advantage Nat'l Tax Free Fund v. Helicon Assocs., Inc.*, No. 2:08-CV-15162, 2010 WL 11541839, at *12 (E.D. Mich. Mar. 15, 2010).

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc # 13) is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that Plaintiff Biobest U.S.A., Inc.'s Negligence claim remains.

IT IS FURTHER ORDERED that Plaintiff Biobest U.S.A., Inc.'s Aiding and Abetting Fraud claim is dismissed.

                                                               s/Denise Page Hood  
                                                               Chief Judge, U. S. District Court

DATED: March 25, 2019